JOHN F. DARBY, Garnishee of Wm. T. SMITH vs. JOSEPH CHARLESS.

1. Where a correct instruction asked by a party has been refused, but afterwards given substantially in another form, the refusal to give it in the form asked is not good cause for reversing the judgment.

2. Where the merits of the case have been fairly placed before the jury, the supreme court will disregard all informality in making up the issue.

APPEAL from St. Louis Court of Common Pleas.

STATEMENT OF THE CASE.

On the 25th August, 1847, the appellee, Charless, commenced an action of assumpsit against William T. Smith, surviving partner of Colburn & Smith, in the St. Louis court of common pleas, by process of attachment returnable to the succeeding term for that year. The affidavit for the attachment states that the defendant was indebted unto the plaintiff in the sum of $882 70, with interest at the rate of ten per cent. from the 15th of March, 1847. The appellant, Darby, was summoned as garnishee, on the 21st of August, 1847, and allegations and interrogatories were filed on the 27th of August. On the 26th of November, 1847, Darby filed his answer, denying that he owed defendant anything, or that he had in his possession or control any money or property of any kind belonging to defendant. But stating that on the 26th of April, 1847, he administered as public administrator of St. Louis county upon the estate of Norris Colburn. That afterwards and on the 12th of June of that year, the probate court of said county, having full jurisdiction in the premises, upon proper grounds being laid therefor by affidavit, issued a citation against John Lewis of Independence, Mo., for embezzling and unlawfully detaining certain checks on the Bank of the State of Missouri, belonging to the

Darby, garnishee of Smith, vs. Charless.

deceased. That the probate court, after investigating the matter, adjudged and ordered said Lewis to deliver said checks as the property of said deceased Colburn to said Darby, as his administrator; and accordingly that Lewis delivered over said checks as the property of said Colburn to Darby, as his administrator, who received them as a part of the estate of his intestate, the said Colburn. That the checks were payable to bearer or to order, and endorsed in blank, and amounted to $2293 09. They were scheduled in detail in his answer and were drawn by D. Spalding, B. Walker, Wm. D. M'Kissack and A. F. Garrison, much the largest portion by S., a part by W., one by McK., and one by Garrison.

At the February term, A. D., 1848, the common pleas ordered that the defendant be notified that an action of assumpsit had been brought against him for $882 70, that his property had been attached, and that unless he appeared at the next term of the court, to be held at St. Louis on the 3d Monday of September next, and plead, & c., &c. Afterwards at said September term, proof of publication of the order was made, and judgment by default rendered thereon against the defendant and damages assessed by the court on the note sued on, and judgment entered up for $983 58, and no rate of interest specified in said judgment. On the 23d of February, 1848, the plaintiff filed what he styled a denial of the answer of the garnishee, in which he stated that the garnishee when summoned as such had in his possession money and effects as set forth in plaintiff's allegations and interrogatories, and that the checks on the bank of Missouri enumerated in the answer were the property of the defendant, Smith.

On the 2nd of October, 1849, a trial was had between the plaintiff and the garnishee, Darby, and the jury found that the allegations affirmed in the denial of the garnishee's answer were true as therein stated. And thereupon the court rendered judgment against the garnishee, Darby, for $1045 77 and costs of plaintiff in the whole of the proceedings as well against the defendant as against the garnishee.

On the trial the plaintiff proved the partnership of Colburn and Smith, and that they were traders doing business in Santa Fe, and that Colburn was carrying on no business except in company with Smith. That in March, 1847, Colburn being about to leave Santa Fe for the United States, he took with him as a member of said firm about nine or twelve thousand dollars of gold dust, coined gold, treasury notes, and checks drawn by Spalding & Walker, which were packed by the witness, Giddings, who had been a clerk for Colburn & Smith. That on the route from Santa Fe to Independence Colburn sent Leitendorfer, a witness, forward in advance of himself, putting into his hands a pair of saddlebags, which he took to Independence and delivered to a clerk of Mr. McCoy, of that place, and Colburn shortly afterwards was killed. Leitendorfer never had possession of the saddle bags or their contents afterwards. Their contents, however, were examined and inventoried and delivered to John Lewis, of Indedendence, for safe keeping.

The garnishee then read his answer in evidence to the jury.

And then the garnishee asked the following instruction:

"If the jury find from the evidence the checks mentioned in the answer of Darby were in the possession of Norris Colburn at the time of his death, and were either drawn payable to bearer or endorsed in blank bv the payees or endorsed payable to bearer, then the said checks were in law *prima facia* the property of said Colburn."

But the court refused to give this instruction as asked, and the garnishee excepted. And the court added to the instruction aforesaid the following, "But said presumption can be rebutted by proof of property in said checks in other persons."

After verdict the garnishee moved for a new trial, assigning the ordinary reasons and that the court erred in instructing the jury. He also moved in arrest of judgment for errors apparent on the record. Both of these motions were overruled by the court below, and the garnishee excepted.

Darby, garnishee of Smith, vs. Charless.

Ryland, Judge, delivered the opinion of the court.

From the above statement, it will be seen, that the errors complained of, consist in the refusal of the court to below, to give the instruction as asked for by the defendant below, and in giving it afterwards with the addition thereto made by the court. Also, in overruling the motions for a new trial and in arrest of judgment.

The instruction prayed for is as follows: "If the jury find from the evidence that the checks mentioned in the answer of Darby, garnishee, were in the possession of Norris Colburn, at the time of his death, and were either drawn payable to bearer, or endorsed in blank by the payees, or endorsed payable to bearer, then the said checks were in law *prima facie*, the property of said Colburn."

The court refused to give this instruction as asked for, but gave it with the following words added: "But said presumption can be rebutted by proof of property in said checks in other persons." This was all the instruction asked or given. The defendant below excepted to the opinion of the court in refusing to give his instruction in his own words.

We think the court below might just as well have given the instruction as prayed for by the defendant; and then afterwards given a second instruction embracing the proposition in the words which were added as above, as to have refused the instruction in the first instance, and afterwards give it with the addition as stated above.

The defendant, however, has no just cause to complain. His own instruction carries with it on its face, the meaning that it afterwards assumed in the shape which the court gave it—any mere *prima facie* case may be overturned by proof to the contrary—and the words added above to the instruction were only enabling the jury to understand plainly what every lawyer understood before.

What injury then has Darby suffered? Were the jury misled by the words added by the court? I presume not.

Does the law suffer the administrator of a deceased partner, to hold as the property of the deceased, all the funds and money of the partnership on hand at the death of the partner, in exclusion of the rights of creditors of the living partner, or in exclusion of the living partner himself?

The motion for a new trial was properly overruled, as the court committed no error in the instruction given, in the manner in which it was given.

There is nothing in the reasons assigned to support the motion in ar-

rest; the issue was well enough made up; the similiter might be added if necessary at any time; all informality in denying the answer, and in making up the issue for the trial by jury, so that the merits have been fairly placed before the jury, will be by this court disregarded.   If we see that the merits have been fairly placed before the jury, and have been passed upon by them, that will suffice.

The question whether an administrator, as such, can be garnisheed for a debt due by his intestate, does not arise in this case.   The money in Darby's hands was found to be the money of Smith, not of Colburr; Darby is not garnisheed as administrator of Colburn.   He states how he came in possession of Smith's money; that is the possession of money which the jury by their verdict say is Smith's.

The allegations do not charge him, as having the money of Colburn in his hands, but the money of Smith; if he has the money of Smith in his hands, he has it not as administrator, but as John F. Darby.

Smith's money was paid to him as Colburn's administrator.   He can be garnisheed then by a creditor of Smith.

Upon the whole record we find nothing calling on this court for its interference.

The judgment below is affirmed.